United States District Court
Southern District of Texas
**ENTERED**
April 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:20-28 |
| | § | |
| ZYRON TARELL WILLIAMS, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Zyron Tarell Williams' Request for Compassionate Release. D.E. 42.

## I. BACKGROUND

In May of 2020, Defendant pled guilty to possession with intent to distribute more than 50 grams of methamphetamine and being a felon in possession of a firearm. He has served approximately 26 months (52%) of his 60-month sentence and has a projected release date, after good time credit, of May 8, 2024. He now moves the Court for compassionate release because his underlying medical conditions (BMI > 25 and status as a current and/or former smoker) make him particularly vulnerable to severe illness or death should he contract COVID-19 in prison.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is

>earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*
>>*(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The Fifth Circuit previously considered U.S.S.G. § 1B1.13 an applicable policy statement when a prisoner, rather than the Bureau of Prisons (BOP), moved for relief under § 3582(c)(1)(A)(i). *United States v. Coats*, 853 F. App'x 941, 942 (5th Cir. 2021). In *Shkambi*, however, the Fifth Circuit "joined [its] sister circuits in holding that § 1B1.13 does not actually apply to § 3582(c)(1)(A)(i) motions brought by the inmate." *Id.* (citing *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) ("Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.")). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, 833 Fed. App'x 556, 556 (5th Cir. 2020)).[1]

---

1.  **(A) Medical Condition of the Defendant. –**
    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
    (ii) The defendant is—
       (I) suffering from a serious physical or medical condition,
       (II) suffering from a serious functional or cognitive impairment, or
       (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    **(B) Age of the Defendant. –**
    The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or

Even if "extraordinary and compelling reasons" for early release exist, the Sentencing Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

"If the district court makes those two findings"—both that extraordinary and compelling reasons warrant a sentence reduction *and* that a reduction is consistent with the applicable Guidelines' policy statements—"then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the

---

        mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**
  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons. –**
  As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated defendants; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

"[T]he burden falls on the defendant to convince the district judge to exercise discretion to grant the motion for compassionate release . . . ." *Id.* at 361 (internal quotations and alterations omitted); *see also United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) ("In general, the defendant has the burden to show circumstances meeting the test for compassionate release.").

> With respect to motions for compassionate release based on COVID-19:
>
> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.

> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

*Thompson*, 984 F.3d at 434–35 (collecting cases) (footnotes and citations omitted).

### III. ANALYSIS

Defendant states that he requested compassionate release from the Warden at FCI Bastrop Low on July 16, 2021. He has offered no proof of exhaustion and does not indicate how the Warden responded, if at all.[2] "Courts in the Southern District of Texas have ruled that defendants who move for compassionate release still need to initially petition the BOP and, subsequently, fully exhaust their administrative rights to appeal or wait for 30 days to lapse from such a petition in order to bring a motion pursuant to 18 U.S.C. § 3582(c)(1)(A)." *United States v. Gomez*, 2020 WL 2061537, at *1 (S.D. Tex. Apr. 29, 2020) (citing *United States v. Licciardello*, 2020 WL 1942787 (S.D. Tex. Apr. 22, 2020); *United States v. Orellana*, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020)). Because Defendant has not demonstrated that he has complied with the exhaustion requirements under § 3582, his motion is not ripe for review, and the Court is without jurisdiction to grant it.

### IV. EIGHTH AMENDMENT CLAIMS

To the extent Defendant wishes to pursue his claims for "cruel and unusual punishment in violation of the Eighth Amendment in light of COVID-19" (D.E. 42, p. 2), he may file a separate civil action. However, the Court does not have the statutory authority to reduce Defendant's sentence based on the alleged conditions of confinement.

---

2. Defendant also has offered no evidence supporting his claim that he is particularly vulnerable to COVID-19.

## V. CONCLUSION

For the foregoing reasons, Defendant's Request for Compassionate Release (D.E. 42) is **DENIED**.

It is so **ORDERED** this 26th day of April, 2022.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE